UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL BERNARD BELL,

        Petitioner,

v.                                                        Case No. 3:25-cv-774-WWB-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## ORDER

### I. Status

Petitioner Michael Bernard Bell, a Florida death row inmate who is scheduled to be executed on Tuesday, July 15, 2025, initiated this case, with help from court-appointed counsel, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1). Petitioner claims that his death sentence is unconstitutional because the state failed to disclose material exculpatory and impeachment evidence, which violated Petitioner's Fourteenth Amendment rights under *Brady v Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). (*See generally* Doc. 1). Respondents filed a Motion to Dismiss Unauthorized Successive Petition. (Doc. 8). Petitioner filed a Reply. (Doc. 11). Upon review of the parties' filings and applicable law, the Court finds that the Petition is second or successive, and thus the Court lacks jurisdiction to consider Petitioner's claims without prior authorization from the Eleventh Circuit Court of Appeals.

In 1995, a jury found Petitioner guilty of two counts of first degree murder and unanimously recommended he be sentenced to death for both counts.[1]  (*See* Doc. 1-3). The trial court then sentenced Petitioner to death.  He sought a direct appeal, and in July 1997, the Florida Supreme Court affirmed Petitioner's convictions and death sentences. *See Bell v. State*, 699 So. 2d 674 (Fla 1997).  On January 15, 2009, this Court adjudicated Petitioner's federal habeas petition challenging these convictions and sentences, finding that the petition was untimely filed and denying Petitioner's request for a certificate of appealability.  *See Bell v. McDonough*, No. 3:07-cv-860-ODE, 2009 WL 10698415, at *1 (M.D. Fla. Jan. 15, 2009).  Thereafter, the Eleventh Circuit affirmed this Court's decision. *See Bell v. Sec'y, Fla. Dep't of Corr.*, 461 F. App'x 843 (11th Cir. 2012).

On June 13, 2025, Governor DeSantis signed a death warrant setting Petitioner's execution for 6:00 p.m. on July 15, 2025.  Petitioner, with the help of court-appointed counsel, then filed with the trial court a post-warrant successive Florida Rule of Criminal Procedure 3.851 motion alleging, *inter alia*, newly discovered evidence of *Brady* and *Giglio* violations based on the state's failure to disclose material evidence that coercive tactics were used to elicit false testimony at Petitioner's guilt phase.  *See State v. Bell*, No. 16-1994-CF-009776 (Fla. 4th Cir. Ct.).  Following an evidentiary hearing on the *Brady* and *Giglio* claims, the trial court denied Petitioner's post-warrant successive Rule 3.851 motion on June 24, 2025.  *See id.*  Petitioner appealed, and the Florida Supreme Court affirmed the trial court's denial on July 8, 2025, finding the trial court correctly determined Petitioner failed to demonstrate the alleged *Brady* and *Giglio* violations amounted to newly

---

[1] For purposes of this Order, the Court assumes the parties are familiar with the procedural history and facts of Petitioner's prior state court and federal proceedings and thus only summarizes the relevant procedural history.

discovered evidence, and thus the claims were untimely filed.[2] *Bell v. State*, No. SC2025-0891, 2025 WL 1874574, at *1 (Fla. July 8, 2025).  The instant § 2254 Petition followed. (*See* Doc. 1).

## II. Analysis

The Petition is governed by 28 U.S.C. § 2244, which provides:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  But even if a petitioner can make that showing, the Antiterrorism and Effective Death Penalty Act ("**AEDPA**") bars the filing of a second or successive habeas petition, absent prior approval from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also*

---

[2] The Florida Supreme Court also affirmed the trial court's finding that Petitioner failed to demonstrate that the alleged newly discovered evidence was of such a nature that it would likely produce an acquittal on retrial or yield a less severe sentence. *Bell*, 2025 WL 1874574, at *1.

*Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (recognizing that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization").

> The phrase "second or successive" is not self-defining. It takes its full meaning from [Supreme Court] case law, including decisions predating the enactment of the [AEDPA]. The Court has declined to interpret "second or successive" as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application.

*Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007) (citations omitted).

Here, Petitioner does not suggest that the Eleventh Circuit has authorized him to file a second or successive petition. (*See generally* Doc. 1). Instead, he argues that his second-in-time Petition is not "second or successive" under § 2244(b)(2), and thus he does not need the Eleventh Circuit's approval, because his *Brady*/*Giglio* claims meet the exception recognized in *Panetti*. (*Id.* at 10-14). In *Panetti*, the United States Supreme Court concluded that AEDPA's bar on second or successive habeas petitions did not apply "in the unusual posture presented [t]here: a § 2254 application raising a *Ford*[3]-based incompetency claim filed as soon as that claim [became] ripe." *Id.* Because a *Ford* claim is not ripe until an execution is imminent, a petitioner is likely unable to bring such a claim in his first federal habeas proceeding. *See id.* at 946-47. Thus, a second-in-time petition raising a *Ford* claim that is filed when the claim becomes ripe (when execution is imminent) is not barred as "second or successive." *Id.* at 947.

---

[3] *Ford v. Wainwright*, 477 U.S. 399 (1986).

4

The Eleventh Circuit, however, has specifically held that a second-in-time § 2254 petition raising a *Brady* and *Giglio* claim cannot avoid being "second or successive" under the *Panetti* exception, even if the factual predicate for those claims was previously unknown. *See Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009). Petitioner acknowledges the Eleventh Circuit's holding in *Tompkins* but asks the Court to overlook that precedent and adhere to the Eleventh Circuit's statements in *Scott v. United States*, 890 F.3d 1239 (11th Cir. 2018), that "*Tompkins* got it wrong" and called on the Eleventh Circuit to revisit the issue en banc. (Doc. 1 at 11) (citing *Scott*, 890 F.3d at 1248-58). Despite its expressed disagreement with *Tompkins*, the *Scott* court ultimately recognized that *Tompkins* binds the Eleventh Circuit to conclude that all second-in-time *Brady* and *Giglio* claims are "second or successive." *Id.* at 1257.

Indeed, "other death row inmates have attempted to extend *Panetti* to second-in-time habeas petitions raising *Brady* and *Giglio* claims" based on factual predicates unknown when their initial habeas petitions were filed. *Asay v. Sec'y, Fla. Dep't of Corr.*, No. 3:16-cv-43-J-32JRK, 2017 WL 3251526, at *5 (M.D. Fla. July 31, 2017) (footnotes omitted). And this Court, as well as other courts in this circuit, have resoundingly rejected those efforts. *See, e.g.*, *Scott v. United States*, 81 F. Supp. 3d 1326, 1334-35 (M.D. Fla. 2015) (emphasizing that the district courts in the Eleventh Circuit are "bound by *Tompkins* and *Stewart*,[4] neither of which suggests that *Brady* or *Giglio* violations discovered subsequent to an initial habeas petition may be treated as anything other [than] 'second or successive'"); *Jimenez v. Sec'y, Fla. Dep't of Corr.*, No. 1:18-cv-25165-DMM (S.D. Fla. Dec. 12, 2018) (concluding that the court was bound to follow *Tompkins* even though a

---

[4] *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011).

"panel [of the Eleventh Circuit later] expressly disagreed with th[at] . . . decision"), *aff'd*, 758 F. App'x 682 (11th Cir. 2018); *Jennings v. Inch*, No. 5:18-cv-281-RH-MJF (N.D. Fla. Mar. 6, 2020) ("Under the law of the circuit, *Panetti* does not apply to *Brady* or *Giglio* claims." (citing *Tompkins*, 557 F.3d 1257)), *aff'd*, 108 F.4th 1299 (11th Cir. 2024). Notably, a jurist of this Court recently emphasized that *Tompkins* "remains the law of this circuit" even though *Scott* called its reasoning "fatally flawed." *Thomas v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-cv-662-TJC-JBT, 2023 WL 2837521, at *6 (M.D. Fla. Apr. 7, 2023) (explaining that both *Panetti* and *Tompkins* involved similar factual and procedural histories, which foreclosed the petitioner's attempt to distinguish the facts of his case: "In both [*Panetti* and *Tompkins*], the prisoners filed a second habeas petition or motion to vacate based on newly discovered evidence that the government had violated *Brady* and *Giglio*"). And just last year, the Eleventh Circuit reaffirmed its stance on this issue: "[A] second-in-time § 2254 petition raising *Brady* and *Giglio* claims is a second or successive petition subject to § 2244(b)'s restrictions." *Jennings*, 108 F.4th at 1302.

As such, the Petition is subject to the AEDPA's gatekeeping restrictions on second or successive § 2254 petitions. To that end, because the Court has already adjudicated Petitioner's claims challenging these convictions, this Court has no authority to consider the claims now raised by Petitioner without prior authorization from the Eleventh Circuit.

Accordingly, it is **ORDERED:**

1. Respondents' Motion to Dismiss Unauthorized Successive Petition (Doc. 8) is **GRANTED**, and Petitioner's Emergency Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice** for lack of

    jurisdiction.[5]

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 10, 2025.

                        WENDY W. BERGER
                        UNITED STATES DISTRICT JUDGE

Jax-7

C:     Counsel of record

---

[5] A certificate of appealability ("**COA**") is not required.  See *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) ("Section 2253(c) has no application here because the district court's decision dismissing the Amended Petition is not 'a final order in a habeas corpus proceeding' within the meaning of the statute."); *see also United States v. Palmer*, 773 F. App'x 576, 576 (11th Cir. 2019) (recognizing that a "dismissal for lack of subject matter jurisdiction is not a 'final order' within the meaning of § 2253(c), and a COA is not required to appeal such an order of dismissal"); *Hutto v. Lawrence Cnty., Ala.*, 717 F. App'x 960, 960 (11th Cir. 2018) ("A certificate of appealability . . . is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition.").